Malachi Dempsey, Appellee, v. Chicago, Rock Island
& Pacific Railway Company, Appellant.

Gen. No. 5562.

CONTRIBUTORY NEGLIGENCE—*encountering known danger.* One who
is injured as a result of a danger well known to him and which
he should have avoided cannot recover.

Action in case for personal injuries. Appeal from the Circuit
Court of Will county; the Hon. C. B. CAMPBELL, Judge, presiding.
Heard in this court at the October term, 1911. Reversed. Opinion
filed March 13, 1912.

SNAPP & HEISE, for appellant; M. L. BELL, of coun-
sel.

C. E. ANTRAM and D. R. ANDERSON, for appellee.

MR. JUSTICE MORTON W. THOMPSON delivered the
opinion of the court.

The defendant operates a double track railroad be-
tween Minooka and Morris, Illinois, a distance of
about eleven miles, with no cross over or connecting
track between these places. The north track was used
for west-bound and the south track for east-bound
trains. On January 4, 1908, a wreck occurred on the
north track about four and a half miles west
of Minooka. Plaintiff was and had been for a number
of years a member of the section crew on said road
and familiar with its tracks and the operation of
trains there. The crew of which appellee was one,
went to the wreck and assisted until after dark, when
they left and started on a hand car to return to
Minooka over the west-bound track, after, as plaintiff
says, it had been decided to push the disabled car
west to Morris. Later it was decided to abandon
that plan, and the engine, which had come from
Minooka over the west-bound track to assist in clear-

ing the wreck, started back east to return to Minooka, and on the way overtook and ran into the hand car on which plaintiff and others of the crew were, injuring him, for which he sues.

The declaration consisted of nine counts, and this was the second trial, the jury having failed to reach a verdict on the first trial, and on this trial returned a verdict for the plaintiff for $3,900.

Numerous errors are assigned, but in the view we take of the case, it will only be necessary for us to discuss one. The evidence clearly shows that plaintiff had for several years before this time worked on defendant's road as a section hand, was familiar with the tracks at this place, as well as with the operation of trains there; that he knew that unless the engine could push the disabled car on to Morris, it could not get over onto the south track without coming back to Minooka; that he knew it was the custom among trainmen, as well as the rules of the defendant, that section men should look out for all trains, and keep out of their way. C. & N. W. R. R. v. Thomson, 128 Ill. App. 594.

After a very careful consideration of all the evidence in this case, we conclude that defendant is not liable to plaintiff, and the trial court erred in not granting defendant's motion and instructing the jury to find the defendant not guilty, and for this error the case is reversed.

*Reversed.*

Finding of facts to be incorporated in the judgment: We find as a fact in this case, that plaintiff was not at the time he was injured, in the exercise of due care for his own safety, and therefore has no cause of action against the defendant for said injury.